UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

CHARMANE SMITH,

        Plaintiff,

   v.                                                     20-CV-1816-LJV

                                            DECISION & ORDER

PHAROS SYSTEMS INTERNATIONAL,
INC.,

        Defendant.

―――――――――――――――――――――――――

On December 10, 2020, the *pro se* plaintiff, Charmane Smith, commenced this action against Pharos Systems International, Inc. ("Pharos"), alleging Pharos's "negligence, strict liability, and products liability (design defect)." Docket Item 1 at 4 (text changed to lowercase). On July 1, 2021, Pharos moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(c). Docket Item 26. On July 15, 2021, Smith responded to the motion to dismiss and cross-moved for summary judgment. Docket Item 29. On August 26, 2021, Pharos replied on the motion to dismiss, Docket Item 31, and responded to the motion for summary judgment, Docket Item 32. And on September 7, 2021, Smith replied on the motion for summary judgment. Docket Item 34.

For the following reasons, Pharos's motion to dismiss is granted, and Smith's motion for summary judgment is denied as moot.

## BACKGROUND

On a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *See Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (citing *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014)).  Given that standard, the following are the operative facts.

Pharos "sells print management software that is defective and enables 3rd-party intrusion and invasion of privacy."  Docket Item 1 at 4 (text changed to lowercase). These "design defects . . . pose a data breach security risk to all users of:  UNIPRINT SUITE, BEACON ANALYTICS, GOOGLE CLOUD PRINT INTEGRATION, AND CLOUD-BASED PRINT ANALYTICS."  *Id.* (first part of quote text changed to lower case).  Pharos also "has products that have allegedly caused [Smith] lost potential estimated business income."  *Id.* (text changed to lowercase).

## LEGAL PRINCIPLES

To survive a motion to dismiss, a complaint must include sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Although "a court is obliged to construe [*pro se*] pleadings liberally," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 687. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

### I.    STANDING

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction," *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018) (citation omitted), possessing "only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). "Article III of the Constitution limits the jurisdiction of federal courts to the resolution of 'cases' and 'controversies.'" *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) (citing U.S. Const. art. III, § 2). Part of the case-or-controversy requirement is that a plaintiff must have standing. *Id.* To satisfy the "irreducible constitutional minimum of standing," a plaintiff must show: (1) that she has "suffered an injury in fact—an invasion of a legally protected interest[,] which is (a) concrete and particularized . . . and (b) actual or imminent[] not conjectural or hypothetical"; (2) that the injury is "fairly traceable to the challenged action of the defendant"; and (3) "that it [is] likely, as opposed to merely

3

speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal marks and citations omitted).

Here, Smith has not alleged that she suffered a concrete, particularized, and actual injury fairly traceable to Pharos.  She alleges that Pharos "has" and "sells" print management software that is vulnerable to cyberattack and that those vulnerabilities "pose a data breach security risk" to users of certain other software programs.  *See* Docket Item 1 at 4 (text changed to lowercase).  But she does not allege that she ever bought or used any of Pharos's products or that she suffered a security breach as a result of Pharos's products.  *See id.*

So the most liberal reading of Smith's complaint is that there is a risk of data breach to users of Pharos's print management software who also use the other software programs that Smith names and that Smith, but not Pharos, knows about this risk.  *See* Docket Item 26-5 at 2 (Smith's writing to Pharos's counsel that she "will disclose security flaws in [Pharos's] products if it agrees to settle" and that "it is important for [Pharos] to obtain the security details [Smith] ha[s] to protect [Pharos's] customers").  That does not allege an injury in fact.  And for that reason, Smith has failed to show that she has standing to bring her claims.

## II.    FAILURE TO STATE A CLAIM

Smith's complaint also fails to state a claim for which relief may be granted.  Smith has failed to state a claim for "strict liability," "products liability (design defect)," or "negligence"—whether this Court applies New York or Tennessee law—because she has alleged only economic injuries.  *See id.* (alleging that Pharos's products "have

4

allegedly caused [Smith] lost potential estimated business income") (text changed to lowercase)).  "The general rule under New York law is that economic loss is not recoverable under a theory of negligence or strict products liability," *Horn v. Medical Marijuana, Inc.*, 383 F. Supp. 3d 114, 134 (W.D.N.Y. 2019) (citations omitted), including claims for design defect, *Landtek Grp., Inc. v. North American Specialty Flooring, Inc.*, 2016 WL 11264722, at *17-20 (E.D.N.Y. Aug. 12, 2016) (applying the "economic loss doctrine" to design defect claims).  The same is true under Tennessee law.  *See Lincoln General Ins. Co. v. Detroit Diesel Corp.*, 293 S.W.3d 487, 489, 493 (Tenn. 2009); *Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128, 133 (Tenn. 1995).  Because Smith has not alleged that she suffered any personal injury or injury to her property, she has failed to state a viable claim against Pharos.

## III.    LEAVE TO AMEND

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted).  But leave to amend pleadings may be denied when any amendment would be "futile."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Moreover, section 1915 provides that the court shall dismiss a complaint in a civil action brought by a plaintiff proceeding *in forma pauperis*[1] if, at any time, the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a

---

[1] This Court granted Smith's request to proceed *in forma pauperis* on December 15, 2020.  Docket Item 3.

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if the "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or "the claim is 'based on an indisputably meritless legal theory.'"  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation and internal marks omitted).

In light of those standards, dismissal, rather than leave to amend, is appropriate here.

First, Smith's claims appear to be frivolous and malicious on its face, warranting dismissal under section 1915(e)(2)(B)(i).  The "Legal Demand Letter" that Smith sent to Pharos offering to "disclose" the alleged security defects in Pharos's software in exchange for a $500,000 payment suggests that the complaint was brought in bad faith. *See* Docket Item 26-5 at 2; Docket Item 29 at 5; *see also Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) ("A case is malicious if it was filed with the intention or desire to harm another.") (citation omitted).  And while Smith has filed several documents in this case, none have suggested the existence of any additional facts that could form the basis of a viable claim or that link any alleged "risk" posed by the defendant's software to a discrete, actual injury that she suffered.

What is more, Smith's litigation history lends support to the conclusion that her claim is frivolous and malicious.  Smith "is a prolific filer of *pro se* litigation and has been repeatedly sanctioned for filing frivolous lawsuits."  *Smith v. Mastercard*, Case No. 1:11-CV-251-RJA, Docket Item 4 at 8 (W.D.N.Y. Oct. 6, 2011).  Indeed, to date, Smith has filed nearly 200 cases in the federal courts.[2]  Docket Item 26-4.  Much like the instant

---

[2] *See also* U.S. Party/Case Index, https://pacer.uscourts.gov.

matter, "[t]he pervasive theme in many of [Smith's] complaints is that the defendants named therein, which include banks, credit card companies, and computer enterprises, are afflicted with technology-related design flaws or other defects which permit infiltration by computer hackers who then gain access to [Smith's] data, steal her money, damage her credit rating, and otherwise wreak havoc with her financial affairs." *Mastercard*, Case No. 1:11-CV-251-RJA, Docket Item 4 at 3 n.3.

Courts across the country, including in this district, have dismissed Smith's complaints as frivolous under section 1915. *See, e.g.*, *id.* at 8-10 (collecting cases).  In fact, due to Smith's litigiousness, she has been enjoined from filing complaints to some extent in several courts, including the United States District Courts for the Southern District of New York, *Smith v. Chase Bank*, Case No. 1:11-CV-02270, Docket Item 8, (S.D.N.Y. Dec. 2, 2016) (barring Smith from filing any action *in forma pauperis* without prior judicial permission); Northern District of New York, *Smith v. Spitzer*, 531 F. Supp. 2d 360, 364 (N.D.N.Y. 2009) (barring Smith from filing any action *pro se* or without prior judicial permission); Western District of Tennessee, *Smith et al. v. Federal Judges and Federal Clerks, Memphis, TN et al.*, Case No. 2:09-CV-2772-BBD-dkv, Docket Item 11, (W.D. Tn. May 20, 2010) (barring Smith from filing any action *in forma pauperis* or removing or transferring an action to the district without paying the filing fee); and Northern District of Texas, *Smith v. Shadduck*, Case No. 4:04-CV-00242-Y, Docket Item 7, (N.D. Tex. Apr. 16, 2004) (imposing a $50 sanction on Smith and barring Smith from filing any action before she has paid the sanction).  Given Smith's litigation history, this Court shares the concern of other district courts that although "[v]enue may be proper, [] Smith's past litigation history suggests she seeks to circumvent previously imposed

sanctions" by filing in this district.  *See Smith v. Dell Computer Corp.*, 2011 U.S. Dist. LEXIS 36994, at *8 (W.D. Tex. Apr. 5, 2011) (citation omitted).

For all those reasons, the Court finds that the complaint is frivolous and malicious and that leave to amend therefore would be futile.

## CONCLUSION

The motion to dismiss, Docket Item 26, is GRANTED; the motion for summary judgment, Docket Item 29, is DENIED as moot; the complaint, Docket Item 1, is DISMISSED with prejudice; and the Clerk of the Court shall close the file.

This Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Smith must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.


SO ORDERED.

Dated:   September 22, 2021
         Buffalo, New York


*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

8